

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD36008
)
MARK ALBERT FRIEND, ) **Filed: January 29, 2020**
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable Joe Z. Satterfield, Special Judge

### AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING

Mark Albert Friend ("Appellant") appeals his convictions for various sexual abuse crimes against two victims. In his first point, Appellant claims the trial court erred in precluding the admission of evidence that both victims had been physically and emotionally abused by someone other than Appellant. His three other points challenge the conviction for Count II, child molestation of a child less than twelve years of age. We deny Appellant's first point; however, we reverse the conviction for Count II and remand to the trial court for resentencing.

In his first point on appeal, Appellant argues that the trial court abused its

1

discretion in precluding evidence that the victims' father ("Father") had physically and emotionally abused them. He contends that the victims made up the abuse by Appellant so they would not have to live with Father.[1] The trial court found that there was no evidence that the statements were false and it was a collateral issue for the jury to have to determine whether they were true or false. The statements went to the witnesses' credibility on a collateral issue. In the offer of proof, one of the victims testified about Father's physical, verbal, and emotional abuse but stated the reason she wanted to get away from Father's house was to get away from Appellant and the sexual abuse. Appellant originally thought he was being interviewed by a detective to testify about Father's abuse of the victims. He admitted to the detective that he had a close relationship with the victims and that life was not easy for them at their Father's house. He initially claimed that he had a "vivid dream" about sex with the victims but he would never force himself on the victims. Eventually he admitted to sexual abuse of both victims and stated that he could not believe the victims would turn on him like this.

A trial court has broad discretion to admit or exclude evidence; we reverse only for a clear abuse of discretion. **State v. Simmons**, 515 S.W.3d 769, 774 (Mo.App. W.D. 2017). "[T]rial judges are permitted wide latitude to impose reasonable limits on cross-examination to address concerns of prejudice, confusion of the issues, and questioning that is only marginally relevant." **State v. DeClue**, 128 S.W.3d 864, 872 (Mo.App. S.D. 2004). The trial court did not abuse its discretion under the facts of this case. The trial court did not limit Appellant's questioning concerning the victims' not wanting to stay with Father or preferring the mother's home. Furthermore, the jury heard evidence that

---

[1] Appellant was a friend of Father, who resided in the Father's home. The victims lived part-time with Father and part-time with their mother.

2

Father had hit one victim and left marks. Appellant testified to the abusive household in his police interview. Defense counsel freely argued that the victims' testimony was that life at Father's house was horrible, stressful and pressured. Appellant's counsel argued that the victims made up the accusations so they could move to their mother's home and leave Father's home. The trial court limited additional testimony on the collateral issue of Father's abuse as being unduly confusing to the jury and marginally relevant. Point I is denied.

In Point II, Appellant argues that the trial court erred in denying his motion for judgment of acquittal on Count II, a violation of section 566.068, child molestation in the second degree. Section 566.068[2] provides:

> 1. A person commits the offense of child molestation in the second degree if he or she:
> (1) Subjects a child who is less than twelve years of age to sexual contact[.]
>
> . . . .
>
> 2. The offense of child molestation in the second degree is a class B felony.

Appellant does not challenge any other element other than the age of the victim. The undisputed evidence was that the victim in that count was twelve years and ten months old at the time of the offense.

The State agrees that the conviction must be reversed and remanded to direct the trial court to enter a conviction for child molestation in the third degree, a violation of section 566.069. Section 566.069 provides:

> 1. A person commits the offense of child molestation in the third degree if he or she subjects a child who is less than fourteen years of age to sexual contact.

---

[2] All references to statutes are to RSMo Cum.Supp. 2017 (effective: January 1, 2017).

2. The offense of child molestation in the third degree is a class C felony, unless committed by the use of forcible compulsion, in which case it is a class B felony.

Child molestation in the third degree is a statutorily denominated lesser-included offense of child molestation in the second degree and requires proof of the same or less than all of the facts required to prove child molestation in the second degree. We reverse the conviction for child molestation in the second degree and remand to the trial court to enter a conviction for child molestation in the third degree, and we order resentencing on that conviction.

Point III claims plain error in submitting the jury instruction because the victim was not less than twelve years of age at the time of the offense. Appellant does not claim the instruction was not from the applicable MAI or that any of the elements were misleading or misstated the required elements of the crime. Because we have reversed on the basis that there was not substantial evidence to support the crime of child molestation in the second degree on the basis that Victim was not under the age of twelve and no other issue is raised, we decline plain error review of Point III. Likewise, we decline plain error review of Point IV. Appellant argues in Point IV that the trial court plainly erred by accepting the verdict in Count II because he was not on notice of the crime. The charging document put Appellant on notice that he was charged with child molestation in the second degree. Prior to January 1, 2017, a person committed child molestation in the second degree if the person subjected the victim who was less than seventeen years of age to sexual contact. Victim was less than seventeen years of age.

The judgment is affirmed in all respects except as to Count II. The conviction for child molestation in the second degree is reversed and remanded to the trial court

4

directing it to enter a conviction for child molestation in the third degree, and further to resentence Appellant on Count II.

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs